WILLIAMS
*vs*
HALBERT, &c. and offers of the plaintiff's counsel, to give time for pro-
curing security and executing the bond. So that even in
this aspect of the case, the dismissal of the suit at once,
on motion of the defendant, and because a bond, which
he had never required, had not been given, must be deem-
ed to have been erroneous.

---

CHANCERY.                    ## Williams *vs* Halbert, &c.

*Case* 48.          ERROR TO THE LOUISVILLE CHANCERY COURT.

*Equity and equitable jurisdiction. Interpleader.*

*October* 21.   JUDGE MARSHALL delivered the opinion of the Court.

THE complainant, Levi, comes into a Court of equity

The Chancellor
will not enter-
tain a bill at the
instance of a les-
see, to compel
the lessor and a
claimant to the
leasehold premi-
ses to litigate the
right to the pre- with a bad grace, and in a very questionable attitude.
There is no little ground for the suspicion that he ob-
tained the lease from Williams and took the possession
under her, with the intention of betraying her interest to
the antagonist claimant, A. G. Halbert. If this was not
so, it is certain that he took the lease and the possession

with full knowledge of the nature, both of her claim and of that of Halbert, and with a knowledge also, that the latter was employing other means than the legal remedy for ousting Williams and obtaining the possession.    And it is scarcely doubtful that since Levi got the possession and in filing this bill, he has been acting in aid of the claim and designs of Halbert.   He does not, therefore, occupy the attitude which would properly entitle him to call upon Williams and Halbert to interplead in equity; and it is even questionable whether the Chancellor should so far interpose as to protect him by injunction or otherwise. against the loss which in consequence of the alledged insolvency of Williams, he might incur in case he should be compelled to pay the stipulated rent to her. Since whatever hazard there may be of being compelled to pay it again to Halbert, he has incurred it with his eyes fully open, and perhaps in bad faith towards Williams; and since there may be some ground for the inference that Halbert, even if he should recover the possession, will not subject him to such loss.

mises and rent, especially where there are strong circumstances inducing the belief that the lessee obtained the benefit of the claim, to the prejudice of the lessors.

Passing then to Halbert, who has made his answer a cross bill against Williams, we are of opinion that he also stands in a position which does not entitle him to the favorable regard, and certainly not to the active interposition, of the Chancellor in aid of his claim.

In the first place, he stands subject to the strong suspicion of having colluded with Levi, the tenant of Williams, to obtain the possession of the premises.   He is charged with such collusion in the answer of Williams to the original bill, which, although it is not made a cross bill against him, he assumes to be so and answers as if it were, but does not deny this charge.   This implied admission, though it may not amount, technically, to proof, tends with other circumstances in the case, to authorize the inference that he, with others, had combined in an effort to deprive Williams of the benefit of the written transfer or gift of the leasehold premises in question, which had been made to her by M. Halbert, on dissolving the illicit connection which had existed between them for six years.

Nor will the Chancellor entertain, in such case, a cross bill of the claimant, to try in chancery a purely legal right to the premises, which is properly tenable at law.

WILLIAMS
*vs*
HALBERT, &c.

And in the second place, M. Halbert having confessed a judgment to Heth and Halbert, who, with a full knowledge of the circumstances relating to the title or claim of Williams, had their execution levied on the interest of M. Halbert in said leasehold premises, then in possession of Williams. A. G. Halbert, with the same knowledge, and perhaps as their agent, purchased under the execution, and at the price of $20, which he was not required to pay, the interest of M. Halbert in a lease of more than four years duration, of which the annual value was one hundred dollars. It is apparent that if he acquired any present interest in the lease by his purchase, it was a legal interest enforcible at law, and which does not require the aid of a Court of equity. Nor is any special reason shown why the legal question whether he did acquire a present interest and right of possession should be brought into a Court of equity, or why that Court should be called upon to change the possession under a purely legal claim. But it is manifest that Heth and Halbert, the plaintiffs in the execution, and A. G. Halbert, the purchaser under it, regarded the claim of Williams under the transfer from M. Halbert, as presenting no obstacle to the legal remedy against the premises; and as in consequence of the incumbrance having been thus disregarded, and of the question of its validity as against the creditors of M. Halbert not having been brought before a Court of equity in the first instance, so that there might have been a fair sale of an ascertained interest, the purchaser, if he acquired a present interest in the lease, and not the mere reversion after the expiration of the time for which it was transferred to Williams, has acquired it at an enormous sacrifice, for one twentieth of its value, the great inequality, if not iniquity of the transaction, furnishes a positive reason against the interposition of a Court of equity in aid of such a speculation; and especially when, as in the present case, there is nothing either in the nature of the question or of the proof, which requires the aid of that Court. If Halbert is entitled to the possession, his remedy is complete at law. His bill is in effect nothing more than an ejectment in chancery. Being out of possession and with the legal title, if he has any, he has no

right to ask the Chancellor to ascertain and enforce his right; and although much latitude is allowed to a defendant who is brought into the Court against his will, Halbert can claim no privilege on this ground as against a stranger, or even a co-defendant who has been improperly brought into the Court, and probably by his own collusion with the complainant. If a tenant has, in any case, a right to bring his landlord and an opposing claimant into a Court of equity to contest their respective claims to the possession and to the rent, Levi, as already stated, has not shown himself to be thus entitled. The question between the opposing claimants does not, therefore, come properly into the case, in virtue of any privilege which the complainant has, of bringing them in, nor with a view to his benefit or his right. And as Halbert has shown no ground, (on his own account,) for litigating his claim in equity, nor for obtaining relief there, his cross bill should have been dismissed without prejudice, and he should have been left to the assertion of his legal right, if he has it, in the legal forum.

What disposition then should be made of the original bill, is the only remaining question. If the alledged insolvency of Williams were established, and if there were a reasonable certainty or strong probability that Levi would be subjected to loss by the establishment of the claim of A. G. Halbert, and if, notwithstanding the inference or suspicion of collusion between Levi and Halbert, the Court might interpose to save the former from the impending loss, still it is clear that indemnity is all that he could ask, and that would be sufficiently secured by retaining the injunction until Williams should furnish the indemnity, or by directing the rents to be paid into Court, subject to be withdrawn by Williams on the like condition. But the alledged insolvency is denied and not proved; no legal proceeding had been instituted or threatened by Halbert for the recovery of the possession of the premises, nor is it averred that his claim will be asserted at law, and if asserted, it is by no means certain that it will be there established, for any thing but M. Halbert's reversionary interest in the lease after the expiration of the six years for which he transferred it to Wil-

liams. And besides this, Levi comes into Court asking protection against a danger of which he was fully aware before he assumed the relation of tenant, and he comes in under strong suspicion of collusion with the antagonist claimant, and this suspicion tends also to show that there is in fact, no danger of loss to him, whatever may be the true merits or ultimate success of the opposing claims. We are of opinion, therefore, that he has no equity to be relieved upon the case made out, and that his bill also, should have been dismissed. Our conclusions with regard to the merits and proper disposition of each of the bills would be the same, whether the transfer from M. Halbert to Williams be regarded as a pure gift or as a transfer upon valuable consideration. And as they are founded upon the opinion that the case presents no ground for bringing the question as to the validity or effect of that transfer into a Court of equity, we of course do not decide, and are to be understood as not intimating an opinion upon this point; nor do we undertake to give construction to the instrument relied on as a transfer. Its uncertainties and incongruities can operate to the prejudice of the transferree only, and she seeks no aid from the Court in reference to it.

Wherefore, the decree directing the rent to be paid and the possession to be delivered to Halbert, is reversed, and the cause remanded, with directions to dismiss the cross bill of Halbert without prejudice and at his costs, and also to dismiss with costs, the original bill of the complainant, Levi.

*Pilcher & Hauser* for plaintiff; *Thruston and Pope* for defendants.